# In the United States Court of Federal Claims

No. 20-228C
(Filed: November 16, 2020)

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
                                                    *
                                                    *
DONNA GLYN SNELLER,                                 *
                                                    *
                    Plaintiff,                      *
                                                    *
        v.                                          *
                                                    *
THE UNITED STATES,                                  *
                                                    *
                    Defendant.                      *
                                                    *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

_____

## ORDER OF DISMISSAL

_____

**WILLIAMS**, Senior Judge.

This matter comes before the Court on Defendant's motion to dismiss for lack of subject-matter jurisdiction. For the reasons stated below, Defendant's motion is **GRANTED**.

### Background[1]

Plaintiff pro se Donna Glyn Sneller appears to be an adherent of the sovereign citizen movement. Compl. at 2. "Sovereign citizens" believe that, although a person is born and resides in the United States, she is her own sovereign and not a United States citizen. Ammon v. United States, 142 Fed. Cl. 210, 214 (2019). Sovereign citizens "believe that they are not subject to government authority and employ various tactics in an attempt to, among other acts, avoid paying taxes, extinguish debts, and derail criminal proceedings." Id. The sovereign citizen movement teaches that citizens may recover "profits" held in their "secret, individual trust accounts" by employing a process known as "redemption." Gravatt v. United States, 100 Fed. Cl. 279, 283 (2011) (quoting Bryant v. Wash. Mut. Bank, 524 F. Supp. 2d 753, 759 (W.D. Va. 2007)).

In her Complaint, filed February 27, 2020, Plaintiff asserts that she is the beneficiary of "the Cestui Que Vie Trust and a living breathing flesh N blood creation of God." Compl. at 3.

---

[1]    This background is derived from Plaintiff's Complaint and exhibits, Defendant's Motion to Dismiss, and Plaintiff's Response.

Plaintiff asserts that she is not a citizen of the United States and that this Court has a subordinate duty to her own "one supreme court." Id. at 2. According to Plaintiff, she has "continually been presumed to be an artificially created person" created by the 14th Amendment, which her "one supreme court" declared a "fraud." Id. at 1, 3; ECF No. 1, Ex., at 21-30.

Plaintiff asks that this Court (1) recognize her "as a God created living being not the artificially created citizen of the UNITED STATES OF AMERICA;" (2) release her from the presumption that she is "a 14th amendment created citizen;" (3) vindicate her of "any and all wrongdoing according to the statutes and color of law;" and (4) declare that her own one supreme court be recognized as the only constitutional court competent to give relief in all cases affecting her. Compl. at 3. Plaintiff seeks $26,500,000 in "damages and duress." Id.

## Discussion

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true and will construe the Complaint in a manner most favorable to Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act grants this Court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff "must identify a separate source of substantive law that creates the right to money damages." Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) (internal citation and quotation marks omitted). "[The] claimant must demonstrate that the source of substantive law [s]he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400).

Plaintiff's Complaint fails to state a claim that is within this Court's jurisdiction. Plaintiff seeks to be recognized as a "God created living being" only subject to her own supreme court and not as a United States citizen. This Court, however, does not have jurisdiction over citizenship issues. See Harvey v. United States, 149 Fed. Cl. 751, 774 (2020), appeal filed, No. 20-2279 (Fed. Cir. Sept. 16, 2020) ("[T]he jurisdiction of the United States Court of Federal Claims does not include jurisdiction over citizenship issues."). Similarly, to the extent that Plaintiff seeks

recognition of her "one supreme court" as the only constitutional court competent to give relief in cases affecting Plaintiff, this Court lacks jurisdiction.  See id.

Plaintiff appears to identify several statutes as providing the bases for this Court's jurisdiction, including 18 U.S.C. § 241 ("conspiracy against rights"), 18 U.S.C. § 242 ("deprivation of rights under color of law"), 28 U.S.C. § 1651 ("writs"), 28 U.S.C. § 2072 ("rules of procedure and evidence; power to prescribe"), 28 U.S.C. § 2071 ("rule-making power generally"), and 28 U.S.C. § 1333(1) ("admiralty, maritime and prize cases").  Id. at 1.  This Court, however, lacks jurisdiction to hear claims under 18 U.S.C. §§ 241-42, as this Court has no jurisdiction over claims arising under the criminal code.  See Double Lion Uchet Express Tr. v. United States, 149 Fed. Cl. 415, 421 (2020).

None of the other statutes Plaintiff cites confer jurisdiction as they are not money-mandating.  Jurisdiction does not lie under 28 U.S.C. §§ 1651, 2072, and 2071 because these statutes outline federal judicial procedure and are not sources of substantive law that create the right to money damages.  Nor does Section 1333(1) of Title 28, which concerns matters in admiralty, provide this Court with jurisdiction.  See Brashear v. United States, 776 Fed. App'x 679, 681-82 (Fed. Cir. 2019) ("The Tucker Act, however, confers upon the Court of Federal Claims jurisdiction to consider only claims 'against the United States,' but does not extend to those in admiralty.").

## Conclusion

Defendant's Motion to Dismiss is **GRANTED**.  The Clerk is directed to dismiss this action.

*Mary Ellen Coster Williams*
**MARY ELLEN COSTER WILLIAMS**
**Senior Judge**